# SUPERIOR COURT OF BALTIMORE CITY.

Filed January 9, 1907.

E. P. BURTON LUMBER COMPANY
VS.
WILLIAM J. ATWOOD.

*W. C. Chesnut* and *J. M. Mullen* for plaintiff.

*Robert H. Smith* for defendant.

ELLIOTT, J.—

The question before the court rises upon a demurrer of plaintiff to an additional plea filed by the defendant in the following words:

"For that on or about the 27th day of March, 1906, a petition was filed in the United States District Court for the Eastern District of Virginia, sitting at the city of Norfolk, by Goodlander-Robertson Lumber Company, N. B. McCarty and Burrow, Martin and Company, creditors of said defendant, against him, for the purpose of having him adjudicated a bankrupt; and that after answer, the said United States District Court declined to adjudicate the said Atwood a bankrupt, and an appeal from this action of the said District Court was taken to the United States Circuit Court of Appeals for the Fourth Circuit; and the said appeal is now pending in the said Court of Appeals; that the said supposed indebtedness of the plaintiff alleged in the declaration, if any such did ever exist, accrued before the filing of said petition, and is provable by the said plaintiff against the said Atwood; that the said plaintiff has been duly and legally notified of said proceedings in bankruptcy, and that the said court has competent and complete jurisdiction in the premises."

The plea is based upon Section 11 of the Bankrupt Act of 1898, which is in the following words: "Section 11. Suits by and against bankrupts. A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition."

The question to be decided, is how far, if at all, does this section require that the present proceedings be stayed and make the additional plea pertinent?

The material facts going to justify or defeat the application are as follows: September 14, 1905, suit by way of attachment against non-resident begun; September 18, 1905, attachment levied by garnishment; September 25, 1905, certain lumber belonging to defendant seized and levied upon; September 27, 1905, dissolution of attachment by filing bond; November 18, 1905, appearance of defendant, and pleas filed; December 3, 1906, additional plea filed, reciting filing of petition in bankruptcy against defendant, on March 27, 1906; same day demurrer by plaintiff to said plea.

From the above recital it will be seen that the attachment was levied and the lien acquired on September 18 and 25, 1905, more than four months previous to the filing of the petition which sought to have the defendant, William J. Atwood, adjudged a bankrupt, which petition was dismissed by the United States District Court, its action, however, having been appealed from.

452

It must be conceded, we think, that this court would not be justified in interrupting its own orderly and usual proceedings, except in cases where in accordance with the Bankrupt Act of 1898, the Bankrupt Court would be authorized and disposed to restrain such proceedings.

We must, therefore, resort to the decision of the Federal courts, for reasons in favor of or against the application, in order to answer the question now submitted.

On December 18, 1899, Alexander H. Kerr brought an action in the Circuit Court of Oregon for Coos county against the Beaver Coal Company, to receive a sum of money, and on the same day caused a writ of attachment to be issued in said action, and under said writ the sheriff seized certain personal property of the defendant.

On May 19, 1900, judgment was duly rendered in favor of the plaintiff, together with a condemnation of the property seized. On June 21, 1900, a petition in bankruptcy against the defendant was filed, and on August 8, 1900, it was adjudged a bankrupt. The plaintiff in the attachment suit filed his claim in the bankruptcy proceedings, claiming a priority against the proceeds of the attached property. This priority was allowed by the District Court of the United States for the District of Oregon, and by the United States Circuit Court of Appeals for the Ninth Circuit. In re. Beaver Coal Co., 113 Fed. Rep., 889.

To the same effect are the following cases: In re. Snell et al., 123 Fed. Rep., 154; in re. Blair, 108 Fed. Rep., 530.

In all these cases the court has been concerned with an interpretation of Section 67f of the Bankrupt Act of 1898, as stating the circumstances and conditions under which the bankrupt court obtains such priority as authorized it to distribute the estate of the bankrupt without regard to priorities sought to be established.

This question has found its way to the Supreme Court of the United States, and has been decided as recently as the October Term of 1902, where the court construing Section 67f said:

"In our opinion the conclusion to be drawn from this language is that it is the lien created by a levy or a judgment, or an attachment, or other-wise, that is invalidated, and where the lien is obtained more than four months prior to the filing of the petition (in bankruptcy), it is not only not to be deemed to be null and void on adjudication, but its validity is recognized." Again, "a judgment or decree in enforcement of an otherwise valid pre-existing lien is not the judgment denied by the statute, which is plainly confined to judgments creating liens."

It seems to be beyond dispute therefore that neither the lien, nor the enforcement of it, acquired by the attachment in this case, can be interfered with by reason of the proceedings in bankruptcy not begun within four months after the levy and creation of the lien, and that there is neither reason nor need to stop the proceedings here to wait results there which can have no effect on them. The demurrer will, therefore, be sustained.